1  GREGORY P. DRESSER (SBN 136532)
   AILEEN APONTE (SBN 223705)
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
4  Facsimile: (415) 268-7522

5  Attorneys for Plaintiffs
   HOE HIN PAK FAH YEOW MANUFACTORY LTD.,
6  A HONG KONG LIMITED COMPANY

**IT IS SO ORDERED**
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOE HIN PAK FAH YEOW MANUFACTORY LTD., A HONG KONG LIMITED COMPANY, <br><br> Plaintiff and Counter Respondent, <br><br> v. <br><br> WINA TRAN, aka WINA SO, dba SOLSTICE MEDICINE COMPANY, SO'S (USA) COMPANY, MADISON ONE ACME COMPANY, INC., PHILIP SO, aka HOA-THICH MINH, KONG FUNG YEE, dba TIAN SHAN GINSENG AND TEA, and DOES 1-50, <br><br> Defendant and Counter-Claimants. | Case No. CV 03-05032-JW <br><br> **PERMANENT CONSENT INJUNCTION AND COURT ORDER** <br><br> Action Filed: November 12, 2003 <br> Trial Date: October 18, 2005 |
| RELATES TO ALL ACTIONS. | |

PERMANENT INJUNCTION AND COURT ORDER
CASE NO. CV 03-05032-JW
sf-1920824

1  The Parties to this action, Hoe Hin Pak Fah Yeow Manufactory Ltd., Solstice Medicine
2  Company, Wina Tran, a/k/a Wina So, individually and d/b/a Solstice Medicine Company, So's
3  (USA) Company, Madison One Acme Company, Inc., d/b/a Solstice Medicine Company, and
4  Philip So, a/k/a Hoa-Thich Minh stipulate, and the Court hereby orders, as follows:

5  1. This Permanent Injunction constitutes a covenant between the Parties. As set forth in
6  the Settlement Agreement and Mutual Release, all covenants must be fulfilled for the complete
7  and final settlement of the Parties' claims, differences, and causes of action with respect to the
8  Complaint and Counterclaim filed in this action.

9  2. Defendants Solstice Medicine Company, Wina Tran, a/k/a Wina So, individually and
10 d/b/a Solstice Medicine Company, So's (USA) Company, Madison One Acme Company, Inc.,
11 d/b/a Solstice Medicine Company, and Philip So, a/k/a Hoa-Thich Minh, and each of them, their
12 officers, agents, local distributors, employees, representatives, and all persons acting on their
13 behalf or under their control, are specifically and permanently enjoined from engaging in,
14 committing, or performing, directly or indirectly, by any means whatsoever, any action which
15 uses in any manner (except for the exceptions specifically noted below) the trademark "WHITE
16 FLOWER", White Flower designs, or the White Flower trade dress or any other confusingly
17 similar words, design, or symbols thereto, as well (1) as the words, designs, and symbols
18 protected by United States trademark registration numbers: 2883621, 2883620, 2806638,
19 2750573, 2750571, 2054215, and 1109092, and U.S. trademark serial numbers: 78175977 and
20 78176039 (collectively, the "White Flower trademarks"), and (2) 萬應, which transliterate to
21 Wan Yin, when used in conjunction with the trademark "WHITE FLOWER", White Flower
22 designs, or the White Flower trade dress or any other confusingly similar words, design, or
23 symbols thereto, or the White Flower trademarks. Except that: (a) Defendants are allowed to use
24 the White Flower names, trademarks, trade dress, designs, and symbols as is necessary for the
25 recall set in place as part of the Parties' settlement of the contempt matter in this action in
26 documents regarding credit given to retailers that return products to Solstice; (b) for the next 24
27 months, Defendants are allowed to list White Flower Products by name in Solstice's internal
28 accounting and inventory documentation; and (c) Defendants are allowed to purchase White

1 Flower Products for their own personal use. Except as specifically noted, there are no other
2 exceptions to this provision.

3     3. Defendants Solstice Medicine Company, Wina Tran, a/k/a Wina So, individually and
4 d/b/a Solstice Medicine Company, So's (USA) Company, Madison One Acme Company, Inc.,
5 d/b/a Solstice Medicine Company, and Philip So, a/k/a Hoa-Thich Minh, and each of them, their
6 officers, agents, local distributors, employees, representatives, and all persons acting on their
7 behalf or under their control are specifically and permanently enjoined from selling, offering for
8 sale, advertising, promoting, delivering, distributing, or soliciting the sale or distribution of any
9 product bearing or using words, symbols, designs, or packaging the same as, or similar to, those
10 protected by the White Flower trademarks ("White Flower Products"), which include but are not
11 limited to White Flower Ointment, White Flower Analgesic Balm, and White Flower Analgesic
12 Oil, regardless of the manufacturer, the place of manufacture, the origin of import, and the
13 authority (or apparent authority) of the supplier. These restrictions apply to all White Flower
14 Products (including authorized legitimate White Flower Products and/or products sold by
15 Plaintiff, but not intended for distribution in the United States), whether obtained directly or
16 indirectly from Plaintiff, Janta International, Hoe Hin Pak Fah Yeow Manufactory Ltd. (Taiwan),
17 or any other source. Such enjoined actions include, but are not limited to:

18     a. Taking orders, taking advance orders, trading (for non-cash orders), bartering,
19 supplying in the absence of any consideration, or otherwise supplying White Flower Products for
20 any form of consideration;

21     b. Displaying pictures, offering for sale, or listing White Flower Products by name,
22 or in any manner, in catalogs, brochures, flyers, booklets, leaflets, handouts, newspapers, trade
23 publications, television, radio, internet, or any other media. This includes words, pictures, or any
24 representation whether in English, Chinese, or any other language. Except that: (a) Defendants
25 are allowed to use and list the White Flower names, trademarks, trade dress, designs, and symbols
26 as is necessary for the recall set in place as part of the Parties' settlement of the contempt matter
27 in this action, including use in documents regarding credit given to retailers that return products
28 to Solstice; and (b) for the next 24 months, Defendants are allowed to use and list White Flower

1. Products by name in Solstice's internal accounting and inventory documentation. Except as specifically noted, there are no other exceptions to this provision;

    c. Filling past orders, delivering White Flower Products on behalf of any other entity or person, or otherwise distributing White Flower Products for any purpose;

    d. Importing, purchasing, re-purchasing, or otherwise causing White Flower Products to be brought into the United States; and

    e. Indirectly performing any of the above actions through friends, relatives, associated companies, or any person or entity acting on behalf of, under the control of, or in association with each, any, or all of the Defendants.

4. This Permanent Injunction and Order replaces all prior injunctive orders and stipulations with the exception of the recall of the infringing products to which the parties stipulated as part of the settlement of the contempt proceeding in this action.

5. Should any legal action be brought regarding this Order, the prevailing party shall be entitled to attorneys' fees, costs, and disbursements.

Dated: June 10, 2005

GREGORY P. DRESSER
AILEEN APONTE
MORRISON & FOERSTER LLP

By: _____
    Gregory P. Dresser

Attorneys for Plaintiffs
HOE HIN PAK FAH YEOW
MANUFACTORY LTD., A HONG
KONG LIMITED COMPANY

Dated: June 10, 2005

LYNCH, GILARDI & GRUMMER

By: _____
    Gary M. Ittig

Attorneys for Defendants

THE FOREGOING STIPULATION IS APPROVED AND IT IS SO ORDERED.

Dated: June 28, 2005

/s/James Ware
―――――――――――――――――――
Hon. James Ware
United States District Judge